UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

In re:

JOHN FREDERICK SHASTAL,
JR. and KIMBERLY ANN
SHASTAL,

     Debtors,                               Case No. 25-13436

_____ /          Hon. F. Kay Behm
                                          United States District Judge

RECOVERY LAW GROUP, APC,
Appellant,

v.

SAMUEL D. SWEET, Chapter 7
Trustee, *et al.*, Appellees.
_____ /

ON APPEAL FROM THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
_____

## ORDER GRANTING TRUSTEE/DEBTORS' MOTION TO DISMISS (ECF No. 6)

Appellant Recovery Law Group seeks leave to appeal from a grant of partial summary judgment in the bankruptcy court. ECF No. 1, PageID.10. Appellees filed a motion to dismiss for failure to timely file the notice of appeal. ECF No. 6. Appellees have briefed the issues, but

1

Appellant did not file a response, and the court concludes that oral argument is not necessary to resolve the motion.[1]

Whether an order is final or interlocutory, a party seeking to appeal must file a Notice of Appeal in the bankruptcy Court within 14 days of the order. Fed. R. Bankr. P. 8002, 8003(a)(1), 8004(a).[2] The deadlines set forth in Bankruptcy Rule 8002 are strictly construed. *In Re Herdmann*, 242 B.R. 163, 168 (S.D. Ohio 1999); *Schwab Indus. v. Huntington Nat'l Bank*, 679 F. App'x 397, 398-99 (6th Cir. 2017) ("Cases interpreting Rule 8002 hold that it shall be strictly construed") (affirming district court's dismissal of bankruptcy appeal when notice of

---

[1] Nor did Appellant file a "designation of the items to be included in the record on appeal and a statement of the issues to be presented[.]" Fed. R. Bankr. P. 8009(a)(1)(A). This appears to be a pattern for Appellant, and suggests negligence or indifference to the procedural rules. *See In re Kloian*, 137 F. App'x 780, 783 (6th Cir. 2005) ("A district court may . . . exercise its discretion to dismiss an appeal for a violation of [Rule 8009, formerly Rule 8006] where there is a showing of bad faith, negligence, or indifference.") (citing *In re Winner Corp.*, 632 F.2d 658, 661 (6th Cir. 1980)); *Rutledge v. Rubicon Realty Grp., LLC*, No. 17-CV-13743, 2018 U.S. Dist. LEXIS 15466, at *4 (E.D. Mich. Jan. 31, 2018) (collecting cases). Because the timeliness of this appeal is dispositive, the court stops there.

[2] As the order in the bankruptcy was a grant of partial summary judgment, this is an interlocutory appeal and Appellant bears the burden of showing that leave for an interlocutory appeal is warranted. *See In re Shastal et al.*, No. 24-cv-12474, 2025 LX 99311, at *9 (E.D. Mich. May 6, 2025) (in a prior appeal in this same matter, laying out this standard). Again, because the timeliness of this appeal is dispositive, the court does not address that independent basis to reject this appeal.

appeal was filed two days late).  True, Bankruptcy Rule 8002(a)(1)'s 14-day time limit for filing a notice of appeal is not jurisdictional.  *In re Tennial*, 978 F.3d 1022, 1028 (6th Cir. 2020).  Nonetheless, the "deadline remains mandatory" and when the appellee raises the defect "in its motion to dismiss, the appeal must be dismissed as dilatory."  *Id.* ("Bankruptcy Rule 8002(a)(1) provides that an appeal '*must* be filed . . . within 14 days.'") (emphasis in original).

The order that Appellant seeks to appeal was entered on September 17, 2025.  ECF No. 1, PageID.6.  As Appellees point out, the deadline to appeal that order was tolled because on September 28, 2025, the RLG Defendants filed a motion for reconsideration from the Bankruptcy Court's order granting summary judgment on the Shastals' 11 U.S.C. § 526 claim.  ECF No. 6-6, PageID.242.  Rule 8002 of the Federal Rules of Bankruptcy Procedure provides that if a party files a motion under Rule 9023 in the bankruptcy court then "the time to file an appeal runs for all parties from the entry of the order disposing of the last such remaining motion."  Fed. R. Bankr. P. 8002(b) (emphasis added).  Thus, the RLG Defendants' timely Rule 9023 motion meant they had fourteen days to appeal the bankruptcy court's denial of that

3

motion.  The order denying reconsideration was entered on October 6, 2025.  ECF No. 6-9, PageID.282.  On October 24, 2025, the Defendants filed a Notice of Appeal (ECF No. 6-11, PageID.301-02) seeking to appeal the Bankruptcy Court's order granting Plaintiffs' Motion for Partial Summary Judgment regarding their 11 U.S.C. § 526 claim.  ECF No. 6-5, PageID.238; ECF No. 1, PageID.10.  The Appellants' Notice of Appeal filed on October 24, 2025 was untimely as it was filed more than 14 days after the October 6, 2025, order denying their motion for reconsideration.  Appellants have not offered any argument to the contrary, and waived their opportunity to respond.  "[L]ittle needs to be said when an appeal is untimely." *Schwab*, 679 F. App'x at 399-400 (6th Cir. 2017).  That Appellant here "declines to brief untimeliness or proffer an excuse is salient and dispositive on a record without contradiction." *Id.*  Appellant filed its notice of appeal four days after the deadline and provides no explanation for why this court—sitting in an appellate instance—can or should review the appeal.  *See id.*

Appellees' motion is therefore **GRANTED**, and this interlocutory appeal is **DISMISSED** pursuant to Fed. R. Bankr. P. 8002(a) and 8004(a).

4

**SO ORDERED**.


Date: June 1, 2026                                 s/F. Kay Behm
                                                   F. Kay Behm
                                                   United States District Judge